**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FERNANDO PEREZ SILVA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70900

Agency No. A090-549-419

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Fernando Perez Silva, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and claims of due process violations, and review for substantial evidence the agency's factual findings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Perez Silva's contention that the IJ lacked jurisdiction over proceedings is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

We lack jurisdiction to review the agency's discretionary determination that Perez Silva's conviction constitutes a particularly serious crime that bars withholding of removal. *See* 8 U.S.C. § 1252(a)(2)(C); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (no jurisdiction to review particularly serious crime determination where there is no assertion of legal or constitutional error and the only challenge is that the IJ incorrectly weighed the facts).

Substantial evidence supports the agency's denial of CAT relief where Perez Silva did not establish that it was more likely than not that he would be tortured in Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (speculative possibility of torture does not establish eligibility for CAT relief).

Perez Silva's due process claim fails because he has not established prejudice from the alleged violation. *See Padilla-Martinez*, 770 F.3d at 830 (requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-70900